IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCIS J. TROSTLE, JR.,            )
                                    )
            Plaintiff,              )
                                    )
      v.                            )
                                    ) Civil Action No. 08-216J
MICHAEL J. ASTRUE,                  )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
            Defendant.              )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 10th day of June, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 18) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 14) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for SSI on November 4, 2004, alleging disability due to low back and right shoulder injuries, seizures and hernia surgery. Plaintiff's application was denied. At plaintiff's request, the ALJ conducted a hearing on January 26, 2006, at which plaintiff appeared represented by counsel. On March 30, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on July 8, 2008, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 43 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education, but he does not have any past relevant work experience and he has not engaged in substantial gainful activity at any time since he filed his application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the

AO 72
(Rev. 8/82)

meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine and the residual effects of lumbar fusion, the residual effects of right shoulder surgery, the residual effects of an aneurysm, as well as a seizure disorder and a mood disorder due to his general medical condition. The ALJ determined, however, that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is limited to occasional stooping, kneeling, crouching, crawling and climbing ramps and stairs, and he is precluded from balancing and climbing ladders, ropes or scaffolds. Plaintiff is limited to occasional overhead reaching and pushing and pulling with the right upper extremity, including the operation of hand levers. In addition, plaintiff is limited to occupations that do not require the operation of a motor vehicle or exposure to unprotected heights or dangerous machinery. Finally, plaintiff is limited to simple, routine, repetitive job tasks that are not performed in a fast-paced production environment, and he also is limited to making simple work-related decisions and relatively few work place changes (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ

concluded that plaintiff's age, educational background and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a ticket seller, coupon redemption clerk or counter clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria of an impairment listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and

residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments set forth in the regulations. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that

he meets or equals listing 1.04 (relating to disorders of the spine), 12.04 (relating to affective disorders), or 12.06 (relating to anxiety disorders). Plaintiff also complains that the ALJ did not explain his step 3 analysis. Plaintiff's argument fails on both points.

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff's severe impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that he considered the listings contained in sections 1.00 and 12.00, but he found that plaintiff's condition does not meet or equal the criteria of any of those listings. (R. 13, 15-16). The ALJ then explained the reasons why he found plaintiff's impairments do not meet or equal any listed impairment. (R. 13, 15-16).

The ALJ satisfied his burden; however, plaintiff failed to sustain the burden of showing that his impairments meet, or are equal to, a listing. Other than broadly asserting that he meets or equals a listing, plaintiff did not identify any objective medical evidence of record that matches the criteria of any particular listing. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is

supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) he did not properly evaluate plaintiff's subjective complaints regarding his pain and limitations; and (2) he incorrectly assessed plaintiff's residual functional capacity. The court finds that these arguments lack merit.

Plaintiff first contends that the ALJ erred in evaluating his subjective complaints regarding his pain and limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

Here the ALJ properly evaluated plaintiff's credibility concerning his subjective complaints. The ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the objective medical evidence, plaintiff's activities of daily living, plaintiff's medications and his treatment history, plaintiff's own statements about his symptoms and reports by his physicians about his symptoms and how they affect him. See 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p. The ALJ also considered the extent to which plaintiff's subjective complaints reasonably could be accepted as consistent with the evidence of record and how his claimed limitations affect his ability to work. 20 C.F.R. §416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability, and found that plaintiff's testimony regarding his limitations was not entirely credible. (R. 16). This court finds that the ALJ adequately explained the basis for his credibility determination (R. 16-19), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next argues that the ALJ incorrectly assessed his residual functional capacity. Although plaintiff makes this broad assertion, he did not identify any evidence that he claims the ALJ failed to consider, or any specific limitation supported by the evidence that the ALJ did not accommodate.

Contrary to plaintiff's assertion, the ALJ correctly concluded that plaintiff has the residual functional capacity to

perform light work with the additional restrictions set forth in the RFC Finding. The ALJ's RFC Finding accommodated all of plaintiff's physical and mental functional limitations that were established by the evidence. Although the evidence indicates that plaintiff has a history of back surgery and right shoulder surgery, his more recent physical examinations have been unremarkable. In addition, plaintiff has not had a seizure since at least October 2002, and his neurological examinations have been normal. Further, progress notes from plaintiff's treatment providers do not indicate any significant symptoms from a mental health impairment. Indeed, plaintiff's therapist rated his GAF score between 60 and 65, which indicates only mild symptoms. In sum, substantial evidence supports the ALJ's determination that plaintiff can perform light work with the additional restrictions identified in the RFC Finding.

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard
    Suite B
    Altoona, PA 16602

    Stephanie L. Haines
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901